UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOV WILLS, PLLC, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, UNITEDHEALTHCARE SERVICES, INC., OPTUM INSIGHT, INC., CHANGE HEALTHCARE INC., CHANGE HEALTHCARE OPERATIONS, LLC, CHANGE HEALTHCARE SOLUTIONS, LLC, CHANGE HEALTHCARE HOLDINGS, INC., CHANGE HEALTHCARE TECHNOLOGIES, LLC, and CHANGE HEALTHCARE PHARMACY SOLUTIONS, INC.,<br><br>Defendants. | Case No. 2:26-cv-01754<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**REMOVED FROM KING COUNTY SUPERIOR COURT CASE NO. 26-2-08678-8 SEA**<br><br>**[CLERK'S ACTION REQUIRED]** |

Defendants UnitedHealth Group, Inc., United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare, Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, and Change Healthcare Pharmacy Solutions, Inc. (collectively, "Defendants") respectfully give notice of the removal of this matter to the United States District Court for the Western District of Washington at Seattle.[1] Removal is in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

[1] The Complaint relates to a cyberattack suffered by Defendants on or about February 21, 2024. Over 150 cases have been brought against Defendants and Defendants' parent companies in connection with the same cyberattack. On June 7, 2024, the Judicial Panel for Multistate



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

## BACKGROUND

1. By Summons and Complaint, Plaintiff Dov Wills, PLLC commenced a civil action against Defendants in King County Superior Court, titled *Dov Wills, PLLC v. UnitedHealth Group, Inc., et al.*, Case No. 26-2-08678-8 SEA, filed on March 12, 2026 (the "State Court Action"). True and correct copies of the current docket and all pleadings on file in the State Court Action are attached as **Exhibits 1–2** to the declaration of Barbara J. Duffy, which constitute all processes, pleadings, and orders received by Defendants in this action to the present date. 28 U.S.C. § 1446(a).

2. Defendants accepted service of the Summons and Complaint in the State Court Action on May 15, 2026. *See* Duffy Decl., **Ex. 3**. The instant Notice of Removal is being filed within thirty (30) days of the service date. 28 U.S.C. § 1446(b).

3. Attached as **Exhibit 4** to the declaration of Barbara J. Duffy is a copy of the Notice to Clerk of the Court and Adverse Party of Filing of Notice of Removal to Federal Court, the original of which is being filed with the state court. 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

4. This Court has diversity jurisdiction over the Complaint, pursuant to 28 U.S.C. § 1332, under both "traditional" diversity (28 U.S.C. § 1332(a)) and diversity under the Class Action Fairness Act (28 U.S.C. § 1332(d)).

---

Litigation (JPML) instituted a Multi-District Litigation in the District of Minnesota to centralize cases arising from the cyberattack for pre-trial proceedings: In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation, No. 0:24-md-03108-DWF-DJF (D. Minn.). Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Potential Tagalong with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

**28 U.S.C. § 1332(a)**

5. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

6. Plaintiff Dov Wills, PLLC ("Dov") alleges it is a licensed mental health counselor that is organized and maintains its principal place of business in Seattle, Washington. Compl. ¶ 269. Plaintiff Dov is a professional limited liability company. The citizenship of a professional limited liability company for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a) is determined by the citizenship of all of its members. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016). According to the Washington Secretary of State's website, Dov Wills, PLLC registered on September 28, 2018, and has as its sole member, Dov Wills. Additionally, Counsel for Plaintiff Dov has stated and represented to Defendants' Counsel that for diversity purposes, Plaintiff Dov and all of its members are citizens of Washington. Accordingly, Plaintiff Dov Wills, PLLC is a citizen of Washington for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a).

7. Defendant UnitedHealth Group Incorporated is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant UnitedHealth Group Incorporated is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c).

8. Defendant United HealthCare Services, Inc. is a corporation formed under the laws of Minnesota and its principal place of business is in Minnesota. Accordingly, Defendant United HealthCare Services, Inc. is a citizen of Minnesota for purposes of diversity jurisdiction.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

9. Defendant OptumInsight, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum Insight, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

10. Defendant Change Healthcare, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

11. Defendant Change Healthcare Operations, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by its members. *NewGen, LLC*, 840 F.3d at 612. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the state of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Operations, LLC is a citizen of Delaware and Minnesota for diversity purposes.

12. Defendant Change Healthcare Solutions, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Solutions, LLC is Change Healthcare Operations, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the state of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Solutions, LLC is a citizen of Delaware and Minnesota for diversity purposes.

13. Defendant Change Healthcare Holdings, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Holdings, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

14. Defendant Change Healthcare Technologies, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Technologies, LLC is Change Healthcare Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Intermediate Holdings, LLC is Change Healthcare LLC, a Delaware limited-liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the state of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Technologies, LLC is a citizen of Delaware and Minnesota for diversity purposes.

15. Defendant Change Healthcare Pharmacy Solutions, Inc. is a corporation formed under the laws of Maine and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Pharmacy Solutions, Inc. is a citizen of Maine and Minnesota for purposes of diversity jurisdiction.[2]

---

[2] The Class Action Complaint names only the entities listed in Paragraphs 7–15, above, as defendants in the caption. The Complaint, however, also lists Optum, Inc., Optum Financial, Inc., Optum Bank, and Optum Pay as defendants in the introductory paragraph, and discusses their respective roles and citizenship in Paragraphs 26, 27, 28, and 29. Defendants take the position that these entities have not been properly named as defendants because they were not named in the case caption. Nevertheless, in the interest of completeness, their citizenship is as follows: Optum, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Optum, Inc. is a citizen of Delaware and Minnesota. Optum Financial, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Optum Financial, Inc. is a citizen of Delaware and Minnesota. Optum Bank, Inc. is a corporation formed under the laws of Utah and its principal place of business is in Utah. Accordingly, Optum Bank, Inc. is a citizen of Utah. Optum Pay is not a legal entity and its citizenship has no impact on diversity jurisdiction. *See* Mem. Op. and Order, *In Re: Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 0:24-md-03108 (D. Minn.), Dkt. 483 at 14 n.9 ("Optum Pay is not a legal entity and therefore cannot be sued.").



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

16. Because Plaintiff is a citizen of Washington and Defendants are citizens of Delaware, Maine, and Minnesota, complete diversity exists between Plaintiff and Defendants.[3]

17. Although the Complaint does not specify the precise amount of damages sought, the preponderance of the evidence shows that the amount in controversy exceeds $75,000.

18. The Complaint alleges that "[a]s a result of Change Healthcare Defendants' decision to disconnect from the Change Platform, Plaintiff was unable to submit claims, receive ERAs, and receive payment for its medical care to patients" which caused its business to be disrupted. Compl. ¶ 271. Plaintiff alleges that it suffered "monetary losses, such as rejected and/or delayed payments for medical care thus depriving Plaintiff of the time value of money and loss of interest," time and resources spent "investigating the network outage and alternative methods to receive payment for medical care and acquiring a new vendor to provide the Services Change failed to provide, all of which increased manual labor costs and expenses." *Id.* ¶ 272. Plaintiff also took out a $320 loan and "relied heavily on two credit cards, one with a high interest rate of 24.99% and the other with a 0% APR for transfers over a period of time that is now coming due at an interest rate of 22.4%." *Id.* ¶ 273. Plaintiff also alleges that it "was required to divert its owner's time, as well as pay more to its accountant and biller, to manage the shutdown." *Id.* ¶ 275. Additionally, Plaintiff Dov claims treble and/or punitive or exemplary damages. Compl., Request for Relief.

19. Therefore, Defendants assert in good faith that the amount in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1446(c)(2).

[3] Complete diversity exists even if the additional entities named in Paragraphs 26–29 of the Complaint are considered defendants because none of the additional entities are Washington citizens.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

**28 U.S.C. § 1332(d)**

20. This Court also has jurisdiction over the Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint is a class action; at least one member of the class (Plaintiff) is a citizen of a state different from Defendants; Defendants are not a state, state official, or other governmental entity; the number of members of the proposed plaintiff class is not less than 100; and the amount in controversy exceeds the sum or value of $5,000,000.

21. As stated above, Plaintiff alleges it is a citizen of Washington, while Defendants are citizens of Delaware, Minnesota, Utah, and Maine. Thus, minimum diversity exists.

22. The Complaint alleges that Defendants' Change Platform "is connected to more than 800,000 providers" and "involved in one in every three patient records." Compl. ¶ 281. Since Plaintiff seeks to represent a nationwide class of providers, *id.* ¶ 278, the number of members of the proposed class is greater than 100.

23. Furthermore, the amount in controversy is more than $5,000,000. The Complaint alleges that "[p]roviders did not timely receive billions of dollars in earned reimbursements," Compl. ¶ 5. Since Plaintiff seeks to represent a nationwide class of providers,[4] *id.* ¶ 278, the amount in controversy exceeds $5,000,000.

24. Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a) and (d). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[4] Paragraph 278 of the Complaint states that "Plaintiff seeks certification of the following statewide classes" but then defines the first class as a "National Providers Class: All Providers whose use of Change's Services, either directly or indirectly, was disrupted, or whose payments were delayed or denied because of the Ransomware Attack and shutdown."



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

**RESERVATION OF RIGHTS AND DEFENSES**

25. Defendants reserve any and all defenses, including, but not limited to, those under Federal Rule of Civil Procedure 12, and do not waive said defenses by the filing of the Notice of Removal.

26. Defendants do not admit any of the allegations in Plaintiff's Complaint, and do not concede that Plaintiff is entitled to any relief.

27. Defendants reserve the right to amend or supplement the Notice of Removal as necessary.

**REMOVAL TO THIS DISTRICT IS PROPER**

28. This Notice of Removal is being filed in the United States District Court for the Western District of Washington, Seattle Division, the district and division that encompasses King County, where the State Court Action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

**PROCEDURAL REQUIREMENTS**

29. Signature. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

30. Removal is timely. Defendants waived service on May 15, 2026. This Notice of Removal is timely in that it is being filed within 30 days of Defendants' receipt of service of process of the Summons and the Complaint. See 28 U.S.C. § 1446(b).

31. Consent. Defendants all join in this removal. All defendants have therefore consented under 28 U.S.C. § 1446(b)(2)(A).

32. Notice. Concurrent with the filing of this Notice of Removal, Defendants are giving written notice of removal to Plaintiff and filing a copy of this Notice of Removal with the Clerk of the King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

33.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

34. Copy of Operative Complaint. Defendants have filed a copy of the operative complaint as a separate attachment labeled as the Complaint in accordance with Local Civil Rule 101(b)(1).

35. Certificate of Service. Defendants have filed a certificate of service that lists all counsel who have appeared in the State Court Action in accordance with Local Civil Rule 101(b)(2).

36. Civil Cover Sheet. Defendants have filed a completed Civil Cover Sheet (AO44) in accordance with Local Civil Rule 101(b)(4).

37. Pleadings and Process. Defendants have filed true and complete copies of any additional records and proceedings on file in the State Court Action, along with a verification, in accordance with Local Civil Rule 101(b)(5). *See* Duffy Decl., Exs. 1–2.

38. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and (d), and the claims should be adjudicated in this Court, as the action is properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

39. In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, Defendants respectfully request that the State Court Action be removed and proceed in the United States District Court for the Western District of Washington, Seattle Division.

DATED this 21st day of May, 2026.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107

BALLARD SPAHR LLP

By *s/ Barbara J. Duffy*
Barbara J. Duffy, WSBA No. 18885

*s/ Aaron Schaer*
Aaron Schaer, WSBA No. 52122

*s/ Dailey Koga*
Dailey Koga, WSBA No. 58683

1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Facsimile: 206.223.7107
duffyb@ballardspahr.com
schaera@ballardspahr.com
kogad@ballardspahr.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury of the laws of the State of Washington that on the date below, I caused to be served a copy of the foregoing document, on the following person(s) at the following address(es):

| | | |
|---|---|---|
| Kaleigh N. Boyd, WSBA #52684<br>McNAUL EBEL PLLC<br>600 University Street, Suite 2700<br>Seattle, WA 98101-4151<br>Tel: (206) 467-1816<br>kboyd@mcnaul.com | ☒<br>☐<br>☒<br>☐<br><br>☐<br>☐ | Court E-Service<br>by U.S. Mail<br>by Electronic Mail<br>by Electronic Mail pursuant to e-service agreement<br>by Overnight Delivery<br>by Hand Delivery |
| Jonathan M. Streisfeld*<br>Jeff Ostrow*<br>KOPELOWITZ OSTROW P.A.<br>1 West Las Olas Blvd., 5th Floor<br>Fort Lauderdale, FL 33301<br>Tel: (954) 525-4100<br>ostrow@kolawyers.com<br>streisfeld@kolawyers.com | ☒<br>☐<br>☒<br>☐<br><br>☐<br>☐ | Court E-Service<br>by U.S. Mail<br>by Electronic Mail<br>by Electronic Mail pursuant to e-service agreement<br>by Overnight Delivery<br>by Hand Delivery |

*Counsel for Plaintiff and the Putative Classes*

*pro hac vice application forthcoming

DATED this 21st day of May, 2026, at Edmonds, Washington.

*s/ Lou Rosenkranz*
Lou Rosenkranz, Legal Assistant



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000 FAX:206.223.7107